### BRYAN v. EDWARDS.

ATKINSON, J.—1. The action being for the breach of a contract not in writing, to which the defendant filed a proper plea of the statute of limitations, and it appearing from the evidence introduced by the plaintiff that his right of action was barred at the time his declaration was filed; and the affidavit of illegality, signed by the defendant and relied on by the plaintiff as an "acknowledgment and promise in writing" sufficient to prevent the bar of the statute of limitations from attaching, not being such as to have the effect thus claimed for it, there was no error in granting a nonsuit.

2. A brief of evidence made out and agreed to by counsel for a party, but not signed by the latter, and purporting to contain a report or statement of evidence given by such party in the trial of a case, is not, no matter what its contents may be, a written acknowledgment or promise to pay on his part, which could have the effect of constituting a new point from which the statute of limitations would begin to run as to a then existing debt of such party.                    *Judgment affirmed.*

July 29, 1895.

Complaint. Before Judge MILNER. Catoosa superior court. August term, 1894.

On September 3, 1892, Bryan sued Edwards for $147.93 with interest, alleging that on April 13, 1887, Edwards owed him $247.93 on two judgments rendered in his favor against Edwards on July 10, 1885, and on April 13, 1887, he and Edwards made a trade by which the judgments were to be satisfied by paying petitioner property valued at $100, the balance to be paid by Edwards within a reasonable time thereafter, which balance Edwards has failed and refused to pay; that afterwards and within four years before the bringing of this suit, Edwards acknowledged the debt in writing and promised to pay it, but still fails and refuses to do so. In evidence appeared the *fi. fas.* issued upon the judgments mentioned; and an affidavit of illegality by defendant, made September 20, 1889, to a levy made on the *fi. fas.*, the ground of illegality being that prior to the levy the judgment and *fi. fa.* issued thereon had been settled with

plaintiff by delivering to him a horse, received by him at a valuation of $100, with a distinct agreement that he would take the horse at that price in full settlement of the judgment and *fi. fa.*, together with another in his favor against defendant, rendered in the same court and for similar amount. There was evidence that the *fi. fas.*, the balance due upon which this suit was brought to recover, were the same the illegality was filed to. In July, 1892, defendant was requested to give his note for the balance due and sued for in this case, but refused to give note or to settle. On the trial of the illegality, defendant's attorney wrote out the brief of evidence, from which it appeared that defendant testified as follows: In the spring of 1887 he and plaintiff made an agreement by which the *fi. fas.* levied and another for $100 were settled. He was then unable to pay plaintiff the amount due on these *fi. fas.* Plaintiff proposed to him that if he would pay $100, plaintiff would settle the two *fi. fas.* and would take defendant's note for the balance due; and if defendant ever got able to pay him, all right; if not, all right. He agreed to let plaintiff have a horse at $100 on the indebtedness, provided plaintiff would settle both the *fi. fas.* To this plaintiff agreed, and defendant got the horse and delivered it to plaintiff according to the agreement, and plaintiff took it with the distinct agreement that both *fi. fas.* were to be settled and defendant was to give him defendant's note for the balance due on the indebtedness.

A motion for nonsuit was sustained.

W. E. MANN and R. J. & J. McCAMY, for plaintiff.
PAYNE & WALKER, for defendant.